■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT AVENT, RUSSELL CARROL, BROTHER LEROY WILLIAMS, and DANNY SWINSON, Appellants.—Appeal by defendants from four judgments (one as to each of them) of the Supreme Court, Queens County (Balbach, J.), rendered January 7, 1982 as to defendants Avent, Carrol and Swinson and January 8, 1982, as to defendant Williams, convicting each of them of murder

in the second degree, robbery in the first degree (16 counts), and criminal possession of a weapon in the second degree (four counts), upon jury verdicts, and imposing sentences.

Judgments affirmed.

After a jury trial, all of the defendants, along with one Marcel Marable, were found guilty of 16 counts of robbery in the first degree, four counts of criminal possession of a weapon in the second degree, and felony murder. The evidence established that defendants participated in the robbery of Bell Hall's Social Club in Far Rockaway, Queens, and that in immediate flight therefrom one of the participants in the robbery shot and killed a police officer. Defendants Swinson and Williams contend that the evidence against them was insufficient to establish guilt beyond a reasonable doubt because, among other things, they were not positively identified at the scene of the shooting. We find this contention to be without merit. The jury could properly find that Swinson and Williams were participants in the robbery based on positive identifications of them, and as such, were accomplices to the participant who shot the officer in immediate flight from the robbery (see, Penal Law § 125.25 [3]; People v Gladman, 41 NY2d 123; People v Victory, 33 NY2d 75, 86, cert denied 416 US 905). Thus, they were properly found guilty of felony murder.

With respect to the other contentions of legal error raised by all of the defendants which have been preserved for our review, we find that they do not warrant reversal of the instant convictions (see, People v Crimmins, 36 NY2d 230). As to those contentions not preserved for our review, we decline to exercise our interest of justice jurisdiction. Lazer, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.